

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 05 2018

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**CHRISTINA HALL, Individually and**                   **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                    3:18-cv-_235_-DPM

**INMATE SERVICES CORPORATION**                   **DEFENDANTS**
**and RANDY CAGLE, JR.**

This case assigned to District Judge _Marshall_
and to Magistrate Judge _Harris_

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COMES NOW Plaintiff Christina Hall, individually and on behalf of others similarly situated, by and through his attorneys Daniel Ford, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint–Collective Action ("Complaint") against Defendants Inmate Services Corporation and Randy Cagle, Jr. (collectively "Defendants"), and in support thereof she does hereby state and allege as follows:

                   **I.    PRELIMINARY STATEMENTS**

1.    Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* ("AMWA"), the Arkansas "last paycheck" law, Ark. Code Ann. § 11-4-405.

2.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees, as a

result of Defendants' commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime wages as required by the FLSA and the AMWA.

3. Plaintiff seeks monetary damages, prejudgment interest, civil penalties and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendants' failure to properly pay to Plaintiff her wages earned prior to her discharge from employment after Plaintiff made lawful demand upon Defendants for payment to which she is owed.

4. Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

7. Plaintiff's claims under the AMWA, the Last Paycheck Law and for unjust enrichment form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

8. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

9. The acts and omissions complained of herein were committed and had a principal effect, as described more fully below, within the Jonesboro Division of the

Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff Christina Hall is an individual and resident and domiciliary of Lee County.

12. Plaintiff was employed by Defendants as an extradition agent from approximately June of 2018 until November of 2018.

13. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

14. Separate Defendant Inmate Services Corporation is a domestic, for-profit corporation that does business in the State of Arkansas.

15. Inmate Services Corporation's primary business purpose is to provide prisoner transportation, transporting prisoners to jails and prisons across the United States.

16. Inmate Services Corporation's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17. During each of the three years preceding the filing of this Complaint, Inmate Services Corporation has at least two employees that handle, sell, or otherwise

work on goods or materials that have been moved in or produced for interstate commerce.

18. Separate Defendant Inmate Services Corporation was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

19. Separate Defendant Inmate Services Corporation has designated The Corporation Company at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas, 72201, to accept service on its behalf as its registered agent.

20. Separate Defendant Randy Cagle, Jr. ('Cagle") is a citizen and resident of the state of Arkansas.

21. Cagle's principal address is 220 North 6th Street, Suite A, West Memphis, Arkansas 72301.

22. Cagle's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

23. During each of the three years preceding the filing, Cagle had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

24. Cagle was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

25. Cagle, an individual, has operational control and management over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

26. Specifically, Cagle established and communicated the pay policy applicable to Plaintiff and all others similarly situated in this lawsuit.

27. Upon information and believe, revenue from transportation services was merged and managed in a unified manner.

28. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

29. Separate Defendants Inmate Services Corporation and Cagle acted jointly as the employer of Plaintiff and the proposed collective members.

## IV. FACTUAL ALLEGATIONS

30. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

31. Defendants' primary business purpose is to transport inmates for prisons and jails across the country, and it hires individuals known as extradition agents to serve that purpose.

32. Within three years prior to the filing of this Complaint, Defendants hired Plaintiff, among other individuals, to perform transport services across the country.

33. Defendants hired Plaintiff and set her work schedule, including the hours to be worked.

34. Defendants exercised comprehensive control over the employment of its extradition agents, including Plaintiff's employment.

35. Defendants required extradition agents to follow a fixed schedule in performing their duties.

36. Specifically, Defendants often required extradition agents to work up to seven days a week, and up to twenty-four hours each day.

37. Extradition agents could not refuse to travel to and work on certain assigned projects.

38. Defendants set the pay rate for extradition agents. During the statutory period, Defendants compensated extradition agents, including Plaintiff, by paying them a flat day rate for all hours worked in a single day.

39. Plaintiff and other extradition agents regularly worked over forty (40) hours per week.

40. Plaintiff and other extradition agents received the same day rate, usually $175.00, regardless of the number of hours they worked in a day or work week.

41. Defendants did not pay Plaintiff or other extradition agents an overtime premium for hours that they worked over forty (40) hours per week.

42. In other words, if any extradition agent worked more than forty (40) hours per week, Defendants' practice was not to pay an overtime premium of one and one half (1.5) times the extradition agents' regular rate for the hours over forty (40).

43. Additionally, on days in which Plaintiff worked twenty-one or more hours in a day, which occurred from time to time, Plaintiff and others' hourly wages fell below minimum wage.

44. Defendants knew or should have known that the job duties of Plaintiff required her to work hours in excess of forty (40) per week, yet Defendants failed and refused to compensate Plaintiff for her work as required by the FLSA and the AMWA.

45. At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA and the AMWA.

46. Defendants failed to pay and have yet to pay to Plaintiff her last paycheck after her employment with Defendants was terminated on November 20, 2018, despite Plaintiff making lawful demand upon Defendants that they do so, within the seven days following Plaintiff's last day of employment.

## V. REPRESENTATIVE ACTION ALLEGATIONS

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Payment for all hours worked and overtime premiums for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

B. Liquidated damages and attorneys' fees and costs.

49. Plaintiff is unable to state the exact number of the potential members of the FLSA collective but believes that the group exceeds thirty (30) to forty (40) persons. Defendants can readily identify the members of the FLSA collective, who are a certain portion of the current and former employees of Defendants'.

50. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided

to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

51. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their email address as soon as possible.

52. The phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to these individuals via text message to their cell number as soon as possible.

53. The proposed collective of opt-in Plaintiff in this case is preliminarily defined as follows:

> **Each extradition agent employed any time during the three years preceding the filing of the Complaint.**

54. The proposed FLSA collective members are similarly situated in that they share these traits:

A. They were misclassified by Defendants as exempt from the overtime requirements of the FLSA;

B. They were paid a day rate;

C. They performed the same or similar job duties;

D. They were subject to Defendants' common practice of denying pay for all hours worked, including a proper minimum wage and overtime pay for some hours worked over forty (40) per week.

E. They were subject to numerous other common policies and practices as described *supra*.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for FLSA Violation)

55. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

56. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

57. During the relevant time period, Defendants unlawfully refrained from paying Plaintiff a proper minimum wage and overtime premium for hours over forty (40) per week.

58. Defendants' conduct and practice, as described above, has been and is willful, intentional unreasonable arbitrary and in bad faith.

59. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

60. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

Page 9 of 14
Christina Hall, et al. v. Inmate Services Corporation, et al.
U.S.D.C. (E.D. Ark.) No. 3:18-cv-___
Original Complaint—Collective Action

## VII.  SECOND CAUSE OF ACTION
### (Collective Action Claim for Violations of the FLSA)

61. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

62. Plaintiff, on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

63. During the relevant time period, Defendants unlawfully refrained from paying extradition agents a proper minimum wage and overtime premium for hours over forty (40) per week.

64. Defendants failed to pay an overtime premium for some hours worked over forty (40) and failed to pay Plaintiff and other extradition agents a proper minimum wage or an overtime premium for additional hours worked over 40 (forty).

65. Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each extradition agent employed any time during the three years preceding the filing of the Complaint.**

66. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

67. By reason of the unlawful acts alleged herein, Defendants are liable to members of the Section 216 class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

68. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

69. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

70. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

71. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA.

72. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

73. Defendants failed to pay Plaintiff a minimum wage and all overtime wages owed, as required under the AMWA.

74. Despite the entitlement of Plaintiff to payment of a lawful minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiff a lawful minimum wage or lawful overtime premium.

75. Defendants' conduct and practices, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

76. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

77. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   FOURTH CLAIM FOR RELIEF
### (Individual Claim for Violation of the "Last Paycheck" Law)

78. Plaintiff repeats and re-alleges all preceding paragraphs of this Complaint as if fully set forth in this section.

79. Plaintiff was an employee of the Defendants until November 20, 2018, when Plaintiff was discharged by the Defendants.

80. Defendants have not provided Plaintiff with her final paycheck, in violation of Ark. Code Ann. § 11-4-405.

81. Plaintiff made timely and lawful demand to Defendants for payment of her last paycheck after her discharge from employment.

82. As of the date of this filing, which is now beyond seven days past the date of Plaintiff's discharge from employment by Defendants, Defendants have yet to pay to Plaintiff her last paycheck.

83. Pursuant to Ark. Code Ann. § 11-4-405(a)(2), Plaintiff is entitled to recover wages from the date of her discharge from employment, continuing forward for each day as provided by law, to be paid at the same rate as if Plaintiff were still employed by Defendants.

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Christina Hall, individually and on behalf of others similarly situated, respectfully prays for declaratory relief and damages as follows:

A. That Defendants be summoned to appear and answer herein;

B. That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective action members and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the Arkansas Minimum Wage Act, and their attendant and related regulations;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective action;

E. Judgment for damages for all minimum wages and unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;* and the AMWA.

F. Judgment for liquidated damages pursuant to the FLSA, AMWA and attendant regulations, in an amount equal to all unpaid minimum wages and overtime

compensation owed to Plaintiff and putative collective action members during the applicable statutory period;

G. Judgment for damages equal to compensation owed to Plaintiff for her last paycheck and wages for each of the sixty (60) days after the termination of Plaintiff's employment pursuant to the Arkansas "last paycheck" law, Ark. Code Ann. § 11-4-405;

H. An order directing Defendants to pay Plaintiff and members of the collective action prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

I. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHRISTINA HALL, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com