# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

CHRISTINA HALL, Individually
and on Behalf of All Others Similarly
Situated                                                         PLAINTIFF

v.                           No. 3:18-cv-235-DPM

INMATE SERVICES CORPORATION;
and RANDY CAGLE, JR.                                           DEFENDANTS

## ORDER

**1.** Christina Hall has moved to conditionally certify a FLSA collective action against Inmate Services. She worked for the company, based in West Memphis, for about five months in 2018 as an extradition agent—helping move prisoners from point A to point B. During that time, Hall says that Inmate Services didn't pay her and other extradition agents overtime; it instead paid them a flat rate of $175 per day. She seeks to proceed for a group of current and former employees dating back to December 2015. There are between eighty and one hundred potential group members. Inmate Services responds that Hall hasn't made the modest factual showing that she's similarly situated to other potential opt-in plaintiffs. *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 944 (W.D. Ark. 2003). And Inmate Services has made an early run at partial summary judgment based on what it actually paid Hall and an exception to the FLSA's overtime-pay provision.

**2.** The Court agrees with Hall on certification: she's shown than an affected group of similarly situated extradition agents exists. *Helmert v. Butterball, LLC*, 2009 WL 5066759, at *2–3 (E.D. Ark. 15 Dec. 2009). Her burden is light. All extradition agents are hourly employees. And though Hall's affidavit is thin, it adequately shows that a similarly situated group exists; this company's day-rate applied to all extradition agents. *Fezard v. United Cerebral Palsy of Central Arkansas, Inc.*, 2013 WL 12304825, at *2 (E.D. Ark. 19 Aug. 2013). The Court therefore conditionally certifies the following group:

> All persons who worked as extradition agents for Inmate Services Corporation since 5 December 2015.

**3.** Notice to group members by U.S. mail or email (at group counsel's election) is fine. And counsel may send one follow-up by postcard. Do not enclose the pleadings. Inmate Services must provide all the contact information by 22 May 2019. All of Inmate Services' other objections to the draft notice-related papers, and the methods of notice, are overruled. The opt-in period will close 6 September 2019.

**4.** Genuine issues of material fact prevent partial summary judgment for the company. *Employers Mutual Casualty Company v. Wendland & Utz, Ltd.*, 351 F.3d 890, 893 (8th Cir. 2003). There are conflicting affidavits about how much Hall was paid for the time she worked. № 17-1 at 1–2; № 22-1 at 3. There are also disputed facts on the company's FLSA defense. The Motor Carrier Act Exemption

doesn't require an employer to pay overtime. 29 U.S.C. § 213(b)(1). But a small-vehicle exception requires an employer to pay overtime if its employees operate vehicles that weigh 10,000 pounds or less. *Wilkinson v. High Plains Inc.*, 297 F. Supp. 3d 988, 993–94 (D.N.D. 2018). That exception doesn't apply, though, if the small vehicles are used to transport more than eight passengers, including the driver. *LaCurtis v. Express Medical Transporters, Inc.*, 856 F.3d 571, 575 (8th Cir. 2017). The dueling affidavits between Hall and Inmate Services' president tell different stories about the company's vehicle fleet and how many people the vehicles could accommodate. № 17-1 at 2; № 22-1 at 2–3. The company's motion on these points fails at this time; the material facts may be clarified in discovery.

* * *

Hall's motion to certify, № 6, is granted as modified. Inmate Services' motion for partial summary judgment, № 16, is denied without prejudice.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

9 May 2019

-3-