IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| **CHRISTINA HALL, Individually and on Behalf of All Others Similarly Situated** | **PLAINTIFF** |
| vs.   3:18-cv-235-DPM | |
| **INMATE SERVICES CORPORATION and RANDY CAGLE, JR.** | **DEFENDANTS** |
| **DAVID DILLARD and NICOLAS WILLIAMS** | **PLAINTIFFS** |
| vs.   2:19-cv-150-DPM | |
| **INMATE SERVICES CORPORATION and RANDY CAGLE, JR.** | **DEFENDANTS** |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

COME NOW Plaintiffs Christina Hall, et al., and Defendant Inmate Services Corporation, by and through their respective undersigned counsel, and for their Joint Motion for Approval of Settlement, they do hereby state and allege as follows:

1.  On 5 December 2018, Plaintiff Christina Hall ("Named Plaintiff") filed suit against Defendants alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA). *See* ECF No. 1.

2.  On 16 January 2019, Named Plaintiff filed a Motion for Conditional Certification seeking certification of a collective of "All persons who worked as extradition agents at any time since 5 December 2015" and requesting the issuance of Notice and Consent forms to putative members of the collective. *See* ECF No. 6.

Page 1 of 7
Christina Hall, et al. v. Inmate Services Corp., et al.
U.S.D.C. (E.D. Ark.) No. 3:18-cv-235-DPM
Joint Motion for Approval of Settlement

3.  This Court granted Named Plaintiff's Motion on 9 May 2019, conditionally certifying the following collective: "All persons who worked as extradition agents for Inmate Services Corporation since 5 December 2015." *See* ECF No. 28. The Court also allowed the issuance of Notice by U.S. mail and email. *Id.*

4.  An opt-in period ensued, and 21 individuals returned a Consent to Join form, joining as party-plaintiffs to this lawsuit.

5.  Following the close of the opt-in period, two individuals who were sent Notice forms but who did not opt in in time, David Dillard and Nicolas Williams, brought their own lawsuit against Defendants. This action, styled *David Dillard, et al. v. Inmate Services Corp., et al.*, 2:19-cv-150-KGB, was subsequently consolidated into this lawsuit.

6.  Following extensive arms-length negotiations, the Parties have reached an agreement to settle all claims brought in the consolidated actions. The Parties seek this Court's approval of their agreement as memorialized in the Settlement Agreement and Release attached as Exhibit 1 ("Settlement Agreement").

7.  This Circuit has not yet decided whether settlements under the FLSA require judicial approval. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026-27 (8th Cir. 2019) (noting split in circuit authority and declining to decide issue). In reviewing a settlement of a private FLSA claim, the court scrutinizes the proposed settlement for fairness and determines whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, at 1355 (11th Cir. 1982); *see also Sims v. Goodwill Industries of Arkansas, Inc.*, 2019 WL 5957177, *2 (E.D. Ark. Nov. 12, 2019); *Ferguson v. Arkansas Support Network, Inc.*, 2018 WL 6517453, *2 (W.D. Ark. Dec. 11, 2018). When it appears that a

Page 2 of 7
Christina Hall, et al. v. Inmate Services Corp., et al.
U.S.D.C. (E.D. Ark.) No. 3:18-cv-235-DPM
Joint Motion for Approval of Settlement

settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

8. In reviewing the settlement of a plaintiff's FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*; *accord Ochs v. Modern Design, Inc.*, No. 14-635, 2014 WL 4983674, at *2 (N.D. Ohio Oct. 6, 2014).

9. The Settlement Agreement was reached after extensive, arms-length negotiations between experienced counsel, and it settles specific bona fide wage and hour disputes. Plaintiffs allege in the operative Complaints that Defendants paid a day rate which did not account for overtime hours worked, thereby depriving them of proper overtime and minimum wages for weeks in which they worked many hours. Defendants admit that Plaintiffs were paid a day rate but deny that this method of payment led to overtime or minimum wage violations. Defendants specifically aver that Plaintiffs were properly classified as exempt from the overtime provisions of the FLSA under the Motor Carrier Act exemption.

Page 3 of 7
Christina Hall, et al. v. Inmate Services Corp., et al.
U.S.D.C. (E.D. Ark.) No. 3:18-cv-235-DPM
Joint Motion for Approval of Settlement

10. Defendants filed an early Motion for Partial Summary Judgment on the issue of whether Named Plaintiff was properly within the Motor Carrier Act exemption. *See* ECF Nos. 16 & 17. This Court denied Defendants' Motion and provided that, while a dispute of material facts existed at that point, "the material facts may be clarified in discovery." ECF No. 28.

11. During the course of discovery, Defendants provided documentation which convinced Plaintiffs' counsel that a subsequent Motion for Summary Judgment on the aforementioned issue would likely be successful. Specifically, the vehicles driven by Plaintiffs appeared to be lighter than the 10,000 pounds threshold of the small vehicle exception of the Motor Carrier Act exemption. Due to this, each Plaintiff's allocated settlement amount takes into account their alleged minimum wage damages and not their alleged overtime compensation owed.

12. Under the terms of the settlement, each Plaintiff is receiving a portion of the settlement fund in relation to each Plaintiff's calculated minimum wage damages. Each Plaintiff is receiving at least 15% of their maximum lost wage damages for minimum wage violations. A copy of the Settlement Allocation is attached as Appendix A to the Settlement Agreement.

13. The amount allocated to each Plaintiff is reasonable due to a number of factors. First, the damages calculations for Plaintiffs assume an estimated amount of hours worked weekly, and this estimation often assumed a full 168 hours worked in each week. This would be, in effect, the Plaintiffs working 24 hours a day, 7 days a week. Although Plaintiffs were prepared to bring evidence that there were very many hours worked each week, including compensable sleep time, this would have been subject to

Page 4 of 7
Christina Hall, et al. v. Inmate Services Corp., et al.
U.S.D.C. (E.D. Ark.) No. 3:18-cv-235-DPM
Joint Motion for Approval of Settlement

any competing evidence put on by Defendant about the actual number of hours worked each week by Plaintiffs. The Parties chose to resolve these factual disputes by entering into the present Settlement Agreement rather than protracted litigation over time records which varied in quality between Plaintiffs.

14. Second, the settlement takes into account the risk of Plaintiffs receiving nothing at all from Defendants, due to their current financial situation.

15. In addition to the award payable to Plaintiff, the FLSA provides for an award of reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027, 2019 WL 2527594 at *2 (8th Cir. 2019).

16. The attorneys' fees agreed upon by the parties were negotiated at arms' length and as a separate line item from Plaintiffs' liability damages. Specifically, although Defendants made an all-inclusive demand upon Plaintiffs, Plaintiffs' counsel subsequently informed Defendants of the need to separately negotiate the attorneys' fees from Plaintiffs' liability damages. The Parties then clearly delineated Plaintiffs' liability damages from attorneys' fees in future settlement discussions, which took place over email and then finalized over the phone. The Parties believe that attorneys' fees were negotiated as a separate line item from Plaintiffs' liability damages as contemplated by *Barbee* and accordingly do not seek approval of this portion of their settlement.

Page 5 of 7
Christina Hall, et al. v. Inmate Services Corp., et al.
U.S.D.C. (E.D. Ark.) No. 3:18-cv-235-DPM
Joint Motion for Approval of Settlement

17. Should the Court disagree with the Parties as to the separation of fee discussions, Plaintiffs submit that the fees are reasonable. Plaintiffs' counsel billed over $52,000.00 in attorneys' fees and costs between the two related matters, taking the cases from Complaint drafting, extensive Motions practice including a Motion for Certification and a Response to Defendants' Motion for Partial Summary Judgment, complex formal and informal discovery, and settlement negotiations over the course of many months, including a settlement conference in front of a Magistrate Judge. At just 22% of Plaintiffs' counsel's billing to date, the agreed attorneys' fees are reasonable.

18. The Parties jointly submit this request for approval of the Settlement Agreement as requested herein and for dismissal of Plaintiffs' Complaints with prejudice.

19. Plaintiffs' counsel has conferred with counsel for Separate Defendant Inmate Services Corporation regarding this Motion, who has assented to the language of it. Plaintiffs' counsel has also attempted to serve Separate Defendant Randy Cagle with a copy of this Motion to determine his stance as to it several times over the past two weeks, most recently the day of this filing. Separate Defendant Randy Cagle has not responded, and so he is not a signatory to this Motion. It is worthy of note, however, that the attached Settlement Agreement has been fully executed by all Parties.

WHEREFORE, Plaintiffs and Defendants respectfully request that the Court grant their Joint Motion, approve the Settlement reached by the Parties, dismiss the matters with prejudice, and for such other and further relief as this Court deems necessary, just and proper.

Page 6 of 7
Christina Hall, et al. v. Inmate Services Corp., et al.
U.S.D.C. (E.D. Ark.) No. 3:18-cv-235-DPM
Joint Motion for Approval of Settlement

Respectfully submitted,

**CHRISTINA HALL, Individually and on Behalf of All Others Similarly Situated, DAVID DILLARD and NICOLAS WILLIAMS, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and   DEFENDANT INMATE SERVICES CORPORATION**

*/s/ Ross E. Webster*
Ross E. Webster
Tenn. Bar No. 24784
GLANKLER BROWN, PLLC
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
Tele: (901) 525-1322
Fax: (901) 525-2389
rwebster@glankler.com

Page 7 of 7
Christina Hall, et al. v. Inmate Services Corp., et al.
U.S.D.C. (E.D. Ark.) No. 3:18-cv-235-DPM
Joint Motion for Approval of Settlement